**In re the Estate of DOLORES FLORES PABLO by ISABEL PABLO BLAS, Administratrix, Appellant**

**JOSE Q. TALABERA, Appellee**

Civil No. 27-A

District Court of Guam

Appellate Division

March 7, 1962

<br>

| | |
|---|---|
| *Counsel for Appellant:* | FINTON J. PHELAN, JR. |
| *Counsel for Appellee:* | ALBERTO T. LAMORENA |

Before GILMARTIN (deceased), *Judge*, District Court of Guam; FURBER, *Chief Justice*, Trust Territory of the Pacific Islands and DUENAS, *Judge*, Island Court of Guam

PER CURIAM

OPINION

After oral argument was heard, Judge Gilmartin died.

66

The remaining judges constitute a quorum. This appeal was taken from an order of the Island Court dismissing the appeal in that Court, which this Court treats as a final order requiring the administratrix to execute a deed of conveyance of the land in question to the appellee. In view of the facts in the case, we do not believe that the appellant-administratrix is entitled to delay a determination further.

The appellant is the administratrix of the estate of her deceased mother. The appellee filed a petition in the Island Court, dated July 9, 1954, in which he alleged that he had purchased certain real property from Dolores Flores Pablo, and a deed was executed. The administratrix, through counsel, answered August 5, 1954, and alleged that any agreement was contrary to the statute of frauds and that the statute of limitations had run. The Court took evidence and entered its decision September 17, 1954, in which it held that a deed of sale had been executed in 1939 to the land and that the appellee took possession of the land and built a residence thereon; that the deed was not recorded at the request of the deceased grantor because of an existing mortgage on the land involved herein and other land; that the administratrix had subsequently requested an attorney to prepare a deed but had refused to execute it. The Court directed a judgment that the administratrix should execute a deed of conveyance.

From this judgment the administratrix noticed an appeal September 24, 1954. The appeal was never docketed, and the appellant moved this Court to dismiss it under date of May 19, 1955. Before this motion was set for hearing and under date of June 2, 1955, the parties stipulated that the files should be returned to the Island Court for further proceedings. This Court, acting through its presiding judge, ordered, under date of June 3, 1955, "that the files and records in the above-entitled action shall be referred to

the Island Court of Guam for such further proceedings as the Court may find necessary or desirable."

Counsel were notified by the Island Court under date of June 22, 1955 that the files had been returned and that a conference would be held July 5, 1955 at 1:30 p.m. Under date of December 5, 1955 the appellee moved to dismiss the appeal in the Island Court. A similar motion was filed October 9, 1956, but this was not set for hearing until January 31, 1958. Under date of October 6, 1958 the Island Court entered an order dismissing the appeal for unreasonable delay. This was followed by an ex parte motion filed March 24, 1959 to require the administratrix to execute a deed and a concurrent order of the same date. The administratrix did not comply, but under date of April 3, 1959, the administratrix, having changed counsel, moved this Court to order the suspension of proceedings in the Island Court pending further orders of this Court. The case was not docketed at the time, and under date of September 28, 1960, the clerk of this Court notified counsel that if the appeal was docketed the Court would hear the matter November 19, 1960; that all briefs and reply briefs must be filed not later than ten days before the date of hearing. The minutes in this Court show the entry of an order September 30, 1959 for the continuance of the appeal until a transcript was furnished; that on June 30, 1960, the case was continued to allow appellant to perfect her appeal and arguments were heard November 19, 1960.

This case is a striking example of the evils of delay, for which this Court must accept its fair share of responsibility. At the time the original petition was filed in 1954, the Court below conducted an extensive hearing. That Court was confronted with the task of trying to determine what happened in 1939 at a time when land had a very limited value, but the economy of Guam was quite different as well. A consideration which might strike us today as being triv-

68

ial was not so considered in 1939. Correspondingly, education was neither so available nor so necessary. Guamanians did many informal things based upon faith in the integrity of their fellows which were not recorded. In its efforts to arrive at the truth, the trial court may have admitted evidence without objection which might not have been admissible if objected to, but the trial court concluded that the appellee had paid a valid consideration for the land, had built his residence there; had obtained a contract of purchase or a deed and had lost it. The certificate of guaranteed claim issued by the Naval Governor of Guam covering this land showed that the land was subject to a small mortgage. It would be reasonable to assume, as the trial court did, that the deceased owner requested that any instrument not be placed of record at that time. The trial court was peculiarly in a position to understand the condition prevailing then and to grasp the import of the testimony in the light of the tremendous subsequent increase in land values. The administratrix knew in September 1954 that she should execute a deed to implement the Court's decree. She noted an appeal but did not perfect it. When this Court entered its order of June 2, 1955, the effect of this order was to take the case from the Appellate Division of the District Court and return it to the Island Court. The District Court then had nothing before it. It became the responsibility of the Island Court to make such further disposition as it might determine. It took immediate action to consult with the parties, and belatedly, under date of October 6, 1958, entered an order dismissing the appeal for delay. There was no appeal pending and the effect of this order was to dismiss further proceedings in the Island Court except compliance by the administratrix with the decree of the Court.

We have now examined the files and transcript in the case and determine that there is nothing in the appellant's

brief which requires us, as a matter of law, to reverse. Many points are raised for the first time on appeal. The administratrix has been permitted to delay this case far too long. We affirm.